UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JACQUELYN MARTELL**, individually and on
behalf of herself and others similiarly situated,

      Plaintiff,

                                          CASE NO.:

v.

                                          **JURY DEMAND**

**USIC, LLC.**, A Foreign
Limited Liability Company,

      Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiff, Jacquelyn Martell, on behalf of herself and all other employees and former employees similarly situated, by and through their undersigned counsel, files this Collective Action Complaint against Defendant, USIC, LLC, and states:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*., hereinafter "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

**PARTIES**

3.      At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

4.      At all times material hereto, Defendant was, and continues to be a Florida Profit Corporation, engaged in business in Florida, with a principle place of business in Indianapolis, Indiana.

5.      At all times material hereto, Defendant was engaged in business within the state of Florida.

6.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.   Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

7.      At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

8.      Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.      At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods and services," in that the Defendant's employees provide goods and services within the meaning of the FLSA.

11.      Based upon information and belief, the annual gross revenue of Defendant is and was in excess of $500,000.00 per annum for all relevant time

2

period.

12.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of her usage of items that travelled in interstate commerce.

13.     At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15.     Defendant provides underground utility damage prevention and a full suite of utility services throughout the United States and Canada.

16.     One of Defendant's places of business is located at 1685 Target Court, Ft. Myers, FL 33905.

17.     Defendant hired Plaintiff to work as a Locate Technician in approximately August 2010.

18.     Plaintiff primarily worked at Defendant's 1685 Target Court, Ft. Myers, FL 33905.

19.     Plaintiff also worked in several other districts for Defendant when the district was short staffed.

20.     Defendant's employees regularly work in multiple locations for Defendant.

21.     Plaintiff worked as a Locate Technician until approximately March

2019.

22.     Plaintiff's primary duties were performing on site locate services and related tasks which included using an electromagnetism machine in order to locate buried power lines.

23.     Plaintiff worked in excess of forty (40) hours in various work weeks throughout the duration of her employment with Defendant.

24.     However, Plaintiff was not properly compensated for all her overtime hours worked during the relevant time period.

25.     Instead, Defendant systematically paid, and continue to pay, Plaintiff and other similarly-situated employees substantially fewer hours than they actually worked.

26.     These unpaid wages stem from the Defendant's practice of shaving hours worked from Plaintiff, and other similarly situated employees', hours worked.

27.     The above mentioned practice resulted in several off-the-clock hours worked in most work weeks throughout the relevant period.

28.     As a result, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek.

29.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

30.     Defendant has violated Title 29 U.S.C. § 207 in that:

a.  Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks for Defendant during the relevant time period; and

b.  No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant and as provided by the FLSA;

## COLLECTIVE ACTION ALLEGATIONS

31.  Plaintiff and the class members are/were all non-exempt employees subjected to Defendant's pay scheme whereby it failed to pay its employees for all hours worked in most, if not all work weeks.

32.  Defendant failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

33.  The additional persons who may become Plaintiffs in this action are/were non-exempt employees of the Defendant who worked in excess of forty (40) hours, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours as a result of off-the-clock work.

34.  This policy or practice was applicable to Plaintiff and the class members.

35.  Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

36.     Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

**All non-exempt employees who worked for Defendant within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

37.     Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38.     During the relevant period, Defendant violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

39.     Defendant's failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's policy or practice that applies to all similarly situated employees, companywide.

40.     Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

6

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

41.     Plaintiff realleges and reincorporates paragraphs 1 through 40 as if fully set forth herein.

42.     Plaintiff worked in excess of forty (40) hours per week.

43.     Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

44.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

45.     At all times material hereto, Defendant failed, and continued to fail, to maintain proper time records as mandated by the FLSA.

46.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

47.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

49.    Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one half their regular rate of pay for such hours.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

  a.    Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendant;

  b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  c.    Awarding Plaintiff pre-judgment and/or post-judgment interest;

  d.    Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to § 216(b), to those similarly situated to Plaintiff;

  e.    Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendant failed to keep accurate time records, Defendant have a legal duty to pay Plaintiff overtime wage

8

pursuant to the FLSA, Defendant failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.      Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 5th day of May, 2021.

Respectfully Submitted,

/s/ Chanelle J. Ventura
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email:        cventura@forthepeople.com

*Attorney for Plaintiff*